*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ZM, Minor.

UNPUBLISHED
March 21, 2024

No. 368114
Ingham Circuit Court
Family Division
LC No. 22-000578-NA

Before: M. J. KELLY, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Respondent-father appeals as of right the order terminating his parental rights to the minor child, ZM, under MCL 712A.19b(3)(c), MCL 712A.19b(3)(h), and MCL 712A.19b(3)(j). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

ZM was removed from his parent's care in September 2022. At the time, respondent was unable to provide ZM with care because he was incarcerated, and removal from his mother's care was required as a result of her substance abuse and minimal participation in intensive neglect services. Respondent did not put forward any relatives with whom ZM could be placed for care while he was incarcerated. Eventually, petitioner filed a supplemental petition seeking termination of ZM's parents parental rights. Following a termination hearing, the trial court found statutory grounds to terminate their parental rights and found that termination of his parents' parental rights was in ZM's best interests. Consequently, the court entered an order terminating their parental rights. Respondent appeals now as of right.[1]

## II. REASONABLE REUNIFICATION EFFORTS

### A. STANDARD OF REVIEW

---

[1] ZM's mother has not appealed the order terminating her parental rights to ZM.

Respondent's sole argument on appeal is that petitioner failed to make reasonable efforts to reunify him with ZM because his incarceration prevented petitioner from adequately providing services to him. We review for clear error a trial court's finding of fact regarding whether petitioner made reasonable efforts to provide respondent with services aimed at reunification. *In re Atchley*, 341 Mich App 332, 338; 990 NW2d 685 (2022).

## B. ANALYSIS

Generally, petitioner has a duty to make "reasonable efforts to reunify the child and family." MCL 712A.19a(2). However, under certain aggravating circumstances, no reunification efforts are required. *In re Atchley*, 341 Mich App at 338. As relevant to this case, MCL 712A.19a(2)(d) provides that no reunification efforts are required if "[t]he parent is required by court order to register under the sex offenders registration act." It is undisputed that respondent is required to register as a sex offender under the Sex Offenders Registration Act, MCL 28.721 *et seq.* as a result of a conviction of CSC-IV. As a result, no reunification efforts were required in this case.

Regardless, even if services were required, petitioner would have only been required to make *reasonable* reunification services. On appeal, respondent does not direct this Court to any additional services that *could* have been provided. Rather, his argument appears to be that because some services were unavailable to him as a result of his incarceration, termination of his parental rights is per se improper. Yet, the statute does not require that every conceivable service be provided. Rather, it only requires *reasonable* reunification efforts. As explained in *Atchley*, "[t]his means petitioner "must create a service plan outlining the steps that both it and the parent will take to rectify the issues that led to court involvement and to achieve reunification." *Atchley*, 341 Mich App at 338-339. Here, a case services plan was adopted setting forth the steps required by petitioner and respondent.

Yet, in light of respondent's incarceration, the services available to him were significantly limited. Despite the limitations, petitioner endeavored to provide respondent with services to address his barriers. Indeed, throughout the proceedings, caseworkers kept in contact with respondent via letters, phone calls, and e-mail correspondence. Respondent received photographs of ZM and letter updates, which he replied to in return letters. Thus, unlike the incarcerated parent in *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010), respondent was afforded a meaningful and adequate opportunity to participate. Next, because the jail required respondent to pay for the calls, money was deposited into his prison account so that he could engage in the visitation via Zoom videoconferencing technology. In-person visitation was not possible as a result of his incarceration. Next, caseworkers printed and sent him resources that were age-specific to ZM so that his parenting-skills could be addressed. See *In re Dixon (On Reconsideration)*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 363388); slip op at 14 (stating that, at a minimum, an incarcerated parent should be provided with workbooks to complete). Although petitioner attempted to provide a psychological evaluation, no provider was willing to perform an evaluation at the jail. Further, neither treatment for substance abuse, nor services aimed at addressing respondent's domestic-violence barrier were able to be provided while respondent was incarcerated. Indeed, his caseworker testified that the jail was "less than cooperative in trying to refer" respondent to programs, and she stated that there was "nothing that the agency could do to get services to him, to get programs to him, to overcome" the barriers to reunification. Still, with

petitioner's encouragement, respondent completed "Moral Reconation Therapy," which is a program dedicated to help inmates deal with being incarcerated and he voluntarily participated in AA and NA meetings.

In light of the above, the trial court found that reasonable efforts at reunification had been made in this case. Notwithstanding that additional efforts could have conceivably been made, the trial court's factual findings were not clearly erroneous. Accordingly, even if reunification efforts had been required in this case, respondent is not entitled to relief.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron